UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

|  |  |
|---|---|
| OFFICER JOHN DOE and ROBERT LAUER, CANDIDATE FOR NEVADA SECRETARY OF STATE,<br><br>        Plaintiffs,<br>  vs.<br><br>NEVADA SECRETARY OF STATE ROSS MILLER and THE STATE OF NEVADA,<br><br>        Defendants. | Case No.: 2:10-cv-01753-GMN-LRL<br><br>**ORDER** |

Before the Court are Plaintiffs' three (3) motions: Motion for Hearing and Limiting Notice on Emergency Motion (ECF No. 2), Motion for Order Shortening Time (ECF No. 3), Emergency Motion to Shorten Time (ECF No. 8), as well as Defendant Ross Miller's Response (ECF No. 13) and Motion to Dismiss (ECF No. 14).

Plaintiffs Robert Lauer and Officer John Doe filed this lawsuit alleging that the State of Nevada and its Secretary of State, Ross Miller, have violated the Uniformed and Overseas Citizens Absentee Voting Act ("UOCAVA") and that because of this, American military service members and overseas voters will not be able to vote in the November 2, 2010 election unless this Court provides relief. As Plaintiffs note in the caption of the case, Plaintiff Lauer is a candidate for Nevada Secretary of State. Defendant Miller is the incumbent Lauer is challenging in the November 2, 2010 election. Plaintiff Doe is allegedly an officer in the Nevada National Guard currently on active duty in Iraq. (Compl. 2 ¶ 5, ECF No. 1.)

As will be discussed below, the Court, upon its independent consideration of the facts before it, finds that this case is moot because the Defendants have already provided a satisfactory remedy for the violations of UOCAVA alleged by Plaintiffs. Accordingly, Plaintiffs' Complaint (ECF No. 1) is DISMISSED, Defendants' Motion to Dismiss (ECF No. 14) is DENIED as moot, and Plaintiffs' motions (ECF Nos. 2, 3, & 8) are DENIED as moot.

## I. BACKGROUND

The State of Nevada is the legal voting residence of many men and women in the United States Armed Forces who are physically absent from this country while serving overseas. Nevada is also the legal voting residence of numerous other non-military U.S. citizens who are currently located outside our country's borders. As these voters are unable to vote in person in Nevada, they must cast absentee ballots in order to exercise their right to vote. To protect this right to vote in federal elections, Congress passed the Uniformed and Overseas Citizens Absentee Voting Act, which preserves the federal voting rights of certain United States citizens formerly residing in the country but who now reside outside the United States. *See* 42 U.S.C. § 1973ff-1, *et seq.* Specifically, UOCAVA provides that certain military voters and certain overseas voters shall be permitted by each state "to use absentee registration procedures and to vote by absentee ballot in general, special, primary, and runoff elections for Federal office." 42 U.S.C. § 1973ff-1(a)(1).

UOCAVA was recently amended by the Military and Overseas Voter Empowerment Act of 2009, which created additional protections for members of the military, their families, and other overseas voters. Among these new protections is the requirement that states must mail absentee ballots to military and overseas voters no later than forty-five (45) days before an election, if those voters requested the ballots forty-five

(45) or more days prior to the election. *See* 42 U.S.C. § 1973ff-1(a)(8)(A).  For the 2010 federal election cycle, the deadline to send out absentee ballots to military and overseas voters who had timely requested an absentee ballot was September 18, 2010.

This lawsuit arose when Elko County, Nevada missed that September 18, 2010 deadline and sent out thirty-four (34) absentee ballots up to five days late, apparently due to a printing error on the part of a private contractor. (*See* Griffin Aff., ECF No. 13-2; Smith Aff., ECF No. 13-1.)  Plaintiffs subsequently filed this lawsuit, requesting injunctive relief to ensure that the military and overseas voters receiving these tardy ballots will not be prejudiced by Elko County's failure to abide by the deadline set forth in UOCAVA.

However, even before Plaintiffs filed this suit on October 8, 2010, Defendants were aware of the issue and began working toward a solution that would ensure that the affected voters would have the full statutorily required forty-five (45) days in which to receive, complete, and return their ballots for the November 2010 election. (*See* Griffin Aff., ECF No. 13-2.)  In formulating this solution, the Secretary of State's Office worked alongside the United States Department of Justice, (*see* Griffin Aff., ECF No. 13-2), which is the entity tasked with enforcing UOCAVA. *See* 42 U.S.C. § 1973ff-4(a).

On October 6, 2010, Nevada Secretary of State Miller promulgated emergency regulations requiring, *inter alia*, that the affected voters' ballots shall be counted for the purposes of the November election as long as they are received by 5:00 p.m. on November 8, 2010, which is six days after the November 2, 2010 date on which absentee ballots would normally be due. (*See* Ex. 3, ECF No. 13-3.)  On the same day that Plaintiffs filed this lawsuit, the United States Department of Justice issued a press release announcing the promulgation of these emergency regulations in which Thomas E. Perez, Assistant Attorney General for the DOJ's Civil Rights Division, stated, "I am pleased that

Nevada officials worked quickly and cooperatively with the department and adopted measures that will ensure the state's military and overseas voters will have their votes counted in the upcoming elections." (Ex. 4, ECF No. 13-4.)

The Clerk of Elko County, Winifred Smith, received a copy of the emergency regulations promulgated by the Secretary of State and attests that as of October 25, 2010, all but eight of the affected voters have already returned their ballots to Elko County. (Smith Aff., ECF No. 13-1.)

## II.   DISCUSSION

A federal court may only decide cases over which it has jurisdiction. "Article III of the United States Constitution limits federal court jurisdiction to 'actual, ongoing cases or controversies.'" *Wolfson v. Brammer*, 616 F.3d 1045, 1053 (9th Cir. 2010) (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990)). A federal court may not "decide moot questions or abstract propositions, because moot questions require no answer." *Id.* (quoting *North Carolina v. Rice*, 404 U.S. 244, 246 (1971)) (internal quotation marks omitted). A case is moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Porter v. Jones*, 319 F.3d 483, 489 (9th Cir. 2003). Because mootness is a jurisdictional issue, the Court must consider it independent of the parties' arguments. *See Cammermeyer v. Perry*, 97 F.3d 1235, 1237 n.3 (9th Cir. 1996).

There is no live controversy in this case. Even before Plaintiffs filed this suit, Defendants had already promulgated regulations approved by the DOJ to ensure that the thirty-four (34) affected voters will have the full forty-five (45) days required by UOCAVA in which to receive the absentee ballots, fill them out, and then return them. (*See* Ex. 3, ECF No. 13.) Thus, the affected voters have already been protected against the functional disenfranchisement about which Plaintiffs are concerned. Steps have

already been taken to ensure that the affected voters are not prejudiced by Elko County's error.  Therefore, based upon its independent consideration of the facts in this lawsuit, the Court finds that the case is moot.  Consequently, the Court may not hear it.

While there are exceptional circumstances under which a federal court may still hear a case even if it is moot, such circumstances do not exist here.  Specifically, a court may hear an apparently moot case when two circumstances are simultaneously present: (1) the alleged wrong is too short in its duration to be fully litigated prior to its cessation, and (2) there is a reasonable expectation that the same complaining party will be subjected to the same alleged wrong again. *Lewis*, 494 U.S. at 481.  Here, there is no evidence that the absentee ballots from Elko County destined for deployed voters will again be delayed by several days due to an error on the part of the printer; this seems to have been an isolated occurrence of administrative error which the Court has no reason to believe will occur again. Therefore, the narrow exception to the mootness doctrine does not apply in this case.

## **CONCLUSION**

IT IS HEREBY ORDERED that Plaintiff's Complaint (ECF No. 1) is DISMISSED.

IT IS FURTHER ORDERED that all pending motions are DENIED as moot.

DATED this 27th day of October, 2010.

_____
Gloria M. Navarro
United States District Judge